UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keshuna Abcumby,

       Plaintiff,   Case No. 24-11445

v.           Judith E. Levy
            United States District Judge
Michigan Department of
Corrections, *et al.*,     Mag. Judge David R. Grand

       Defendants.

_____/

**ORDER ADOPTING IN PART THE REPORT AND
RECOMMENDATION [34], GRANTING IN PART DEFENDANTS'
OBJECTIONS [36], AND ORDERING PLAINTIFF TO FILE AN
<u>AMENDED COMPLAINT</u>**

On July 11, 2025, Judge David R. Grand issued a Report and
Recommendation ("R&R"). (ECF No. 34.) The R&R recommended that
Defendants Michigan Department of Corrections ("MDOC"), Heidi
Washington, Steven Adamson, Jeremy Howard, and Annette Tellas'
motion to dismiss (ECF No. 16) be granted in part and denied in part.

On July 18, 2025, the Court entered a stipulated order extending
the deadline to file objections to the R&R. (ECF No. 35.) Defendants filed
timely objections to the R&R. (ECF No. 36.) Plaintiff did not file

objections or a response to Defendants' objections, and the time to do so has passed.

For the reasons set forth below, Defendants' objections are granted in part and denied in part as moot (ECF No. 36) and the R&R is adopted in part. (ECF No. 34.)

## I.  Background

Michigan Department of Corrections Policy Directive 04.04.113(B), Prisoner Photographic Identification, governs prisoner intake processing photos and states that prisoners may not wear "headgear" when taking an intake photograph. (ECF No. 1, PageID.7.) Plaintiff Keshuna Abcumby, who is a Muslim woman, is incarcerated at the Women's Huron Valley Correctional Facility. (ECF No. 34, PageID.242–243.) She alleges that she was forced to take off her hijab in the presence of men outside her immediate family, in violation of her religious beliefs, due to this policy. (ECF No. 1, PageID.14.) She also alleges that the photograph of her without her hijab was "disseminated . . . to male members of the public" (*Id.* at PageID.15), and that she was required to "carry an identification card with the subject image and present it to male staff and guards and others while in custody." (*Id.* at PageID.2.)

2

The more detailed factual background set forth in the R&R is fully adopted as though set forth in this Opinion and Order. (*See* ECF No. 34, PageID.242–244.)

## II.   Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III.   Analysis

Plaintiff files suit against five Defendants: MDOC, Washington, Howard, Tellas, and Adamson. (ECF No. 1.) The individual Defendants are sued in their official and individual capacity. (*Id.*)

The Court will first address parts of the R&R that were not objected to. First, the R&R recommends the dismissal of claims against Tellas and Adamson, stating that "at oral argument, Abcumby conceded that dismissal was appropriate as to these two individuals." (ECF No. 34, PageID.245–246.) The R&R also recommends dismissal of claims against MDOC because "Abcumby specifically conceded that Eleventh Amendment absolute immunity bars her claims against the MDOC." (*Id.*

4

at PageID.246.)[1] Additionally, the R&R recommends the dismissal of Plaintiff's damages claims against Howard and Washington in their official capacities, as Plaintiff "conceded that Eleventh Amendment immunity bars her claims against the individual defendants in their official capacities." (ECF No. 34, PageID.247 n.2.)

No objections were filed with regard to these recommendations for dismissal, and the Court agrees with the dismissal of these Defendants. Thus, all claims against MDOC, Tellas, and Adamson, in their individual and official capacity, are dismissed. Plaintiff's damages claims against Howard and Washington in their official capacities are also dismissed.

The R&R also recommends the dismissal of Plaintiff's RLUIPA claims for damages and Plaintiff's claims under the Michigan Constitution. (ECF No. 34, PageID.247, 266–267; *see also id.* at PageID.267 n.10.) No objections were filed with regard to these recommendations for dismissal. The Court has carefully reviewed the R&R's analysis with regard to RLUIPA and the Michigan Constitution and adopts this analysis. Thus, Plaintiff's claim for damages under

---

[1] Because the Court adopts the R&R's reasoning with regard to dismissal of Defendant MDOC, Defendant's fourth objection is denied as moot.

RLUIPA and Plaintiff's claim under the Michigan Constitution are also dismissed.

The remaining claims in this case are Plaintiff's RLUIPA and First Amendment claim against Howard and Washington in their official capacities for prospective injunctive relief, and Plaintiff's First Amendment claim against Howard and Washington in their individual capacities for damages.

### A. First Objection

Defendants object to the R&R's finding that Plaintiff "has standing to assert a claim for prospective injunctive relief as to her allegations that prior offending photographs remain accessible to the public or in MDOC-affiliated databases." (ECF No. 34, PageID.255.) According to Defendants, Plaintiff lacks Article III standing for the injunctive relief she seeks because the policy Plaintiff challenges was amended in 2021, and Plaintiff has not properly alleged or demonstrated that her existing photographs remain accessible to the public or men outside her immediate family.

Defendants initially argued that Plaintiff's claim for injunctive relief was moot. (ECF No. 16, PageID.71.) However, the R&R determined

that Defendants' jurisdictional challenge "is more one of standing than mootness." (ECF No. 34, PageID.248.) Defendants do not object to this characterization. (ECF No. 36, PageID.276–277.) The Court agrees that Defendants' jurisdiction challenge is properly analyzed as a standing, not mootness, issue. *Kentucky v. Yellen*, 54 F.4th 325, 336 (6th Cir. 2022) ("Whether a party has standing to redress an injury is measured as of the time the injury is first asserted; here, in the original complaint.").

The R&R found that Plaintiff has standing for injunctive relief related to allegations that photographs of her taken without her hijab (the "subject photographs") are still available for public viewing. (ECF No. 34, PageID.252.) Defendants argue against this conclusion because Plaintiff's complaint does not assert a claim for injunctive relief on this basis:

> Abcumby's complaint is focused solely on prospective application of the pre-amended versions of PD 04.04.133. Abcumby could not have been more clear, stating that she seeks "declaratory and injunctive relief to enjoin Defendants from *future implementation* of the Photograph Policy requiring the removal of all religious wear." (ECF No. 1, PageID.2; emphasis in original.) She later states "[t]his case *is about the MDOC Photograph Policy* pattern and practice that is implemented by Defendants which violates the First Amendment as well as other federal and state law." (*Id.* at PageID.5, ¶ 15. Emphasis added.) Abcumby's entire basis for

> injunctive relief focuses solely on policy, not whether there are currently any photographs taken of her by MDOC without her religious headgear available for public view.

(ECF No. 36, PageID.283 (emphasis in original).)

The complaint, indeed, does not contain a request for this form of relief, i.e., a request for injunctive relief related to already-existing photographs. Plaintiff alleges that "[p]risoner photographs are integrated into other law enforcement databases," which "increases the likelihood that images of prisoners without their religious head coverings will be viewed by many people long after the prisoner photograph is taken," (ECF No. 1, PageID.8), and states that the subject photographs are accessible to "men who are not members of her immediate family." (*Id.* at PageID.15.) But the only form of injunctive relief Plaintiff requested in her complaint is prevention of "future implementation" of the policy. (*Id.* at PageID.2.) Similarly, Plaintiff's brief in response to Defendants' motion to dismiss only references injunctive relief to prevent *future* instances where Plaintiff may be "subjected to the same denial of rights when it comes to the practice of covering their head according to their religion." (ECF No. 28, PageID.179.)

Plaintiff suggests in her response brief that the "integration" of prisoner photographs "into other law enforcement databases . . . increases the likelihood that images of prisoners [ ] without their religious head coverings will be viewed by many people long after the prisoner photograph is taken." (*Id.*) Although Plaintiff references the possibility of others viewing the subject photographs, it is not clear if Plaintiff specifically requests injunctive relief regarding those existing photographs, as opposed to the creation of new photographs.

For this reason, the Court declines to adopt the R&R on this issue. Plaintiff's claim for prospective injunctive relief regarding existing photographs that remain accessible to the public or men outside her immediate family is dismissed without prejudice. The Court will permit Plaintiff an opportunity to amend her complaint to clarify this claim for relief. If Plaintiff intends to pursue injunctive relief on this issue, Plaintiff may file an amended complaint within 30 days of this order that properly sets forth this claim.

### B. Second and Third Objection

Defendants' second and third objections pertain to Plaintiff's First Amendment claim for damages against Howard and Washington. (ECF

No. 36, PageID.285–298.) The second objection addresses the R&R's qualified immunity analysis, and the third objection argues that Plaintiff's First Amendment claim for damages against Howard and Washington was not sufficiently pled.

The Court concludes that Plaintiff's First Amendment claim for damages against Howard and Washington in their individual capacities should be dismissed because Plaintiff does not sufficiently plead their personal involvement such that they can be held liable under § 1983 for violating Plaintiff's First Amendment rights.

"[O]fficials are personally liable for damages under [§ 1983] 'only for their own unconstitutional behavior.'" *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). A plaintiff's § 1983 claim against a supervisory official "must fail . . . unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* (quoting *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009)). Plaintiff must allege that Washington and Howard, when sued in their individual capacities, "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending

officers." *Id.* (quoting *Cardinal*, 564 F.3d at 803); *see also Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (holding that the plaintiff failed to state a § 1983 claim against supervisory defendants because he "has not alleged that [the supervisory defendants] committed any actual acts, nor has he averred that they acquiesced in the conduct of their employees").

Plaintiff's allegations regarding Howard and Washington are insufficient to show their personal involvement. She alleges that Defendant Jeremy Howard is the "Acting Warden at the Women's Huron Valley Correctional Facility," and Defendant Heidi Washington "was and is the Director of MDOC." (ECF No. 1, PageID.4.) Plaintiff claims that she was forced to remove her hijab for the purpose of taking photographs by "Defendants' officers" and that "Entity Defendant disseminated Plaintiff's Booking Photograph to male members of the public." (*Id.* at PageID.14–15.) However, she does not allege that Howard and Washington had any personal involvement in the decision to force Plaintiff to remove her hijab or to disseminate Plaintiff's photograph. Instead, Plaintiff describes Washington's involvement as follows:

> Her duties and responsibilities included a responsibility for developing and implementing policies and procedures for the

11

> operation and management of the MDOC and its employees. Washington was also responsible for the care, custody and protection of prisoners under the jurisdiction of MDOC. The policies, practices, actions, and omissions of requiring a prisoner's "hijab" to be removed when photographs are taken are centrally promulgated, disseminated, and enforced from the headquarters of Defendant Washington.

(*Id.* at PageID.4.)

> Defendant Washington, in her role as director of the MDOC is primarily responsible for the adoption, implementation and enforcement of MDOC's policies throughout all MDOC facilities including the Huron Valley Women's Correctional Facility.

(*Id.* at PageID.7.) Regarding Defendant Howard, Plaintiff alleges that he was involved in the violation of her constitutional rights because he was responsible "as warden for the adoption, implementation and enforcement of MDOC's policies at the Huron Valley Women's Correction Facility." (*Id.*)

These allegations are insufficient to demonstrate Howard and Washington's personal involvement in the violation of Plaintiff's constitutional rights. Even viewing Plaintiff's allegations in the light most favorable to her, Howard and Washington's involvement with the alleged violation of Plaintiff's constitutional rights was purely

12

supervisory in nature. As such, Plaintiff's § 1983 claims against Howard and Washington must be dismissed for failure to state a claim.[2]

## IV.   Conclusion

For the reasons set forth above, Defendants' objections are GRANTED IN PART and DENIED IN PART AS MOOT (ECF No. 36) and the R&R is ADOPTED IN PART. Plaintiff's claims for damages against Howard and Washington are DISMISSED for failure to state a claim. Plaintiff's claim for prospective injunctive relief against Howard and Washington is DISMISSED WITHOUT PREJUDICE. If Plaintiff intends to pursue injunctive relief on this issue, Plaintiff may file an amended complaint within 30 days of this order.

IT IS SO ORDERED.

Dated: March 30, 2026          s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

---

[2] The Court declines to address Defendants' second objection as Howard and Washington are dismissed on other grounds. Defendants' second objection is denied as moot.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2026.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager